Troutman Sanders LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606

troutman.com



**Misha Tseytlin**
misha.tseytlin@troutman.com

June 29, 2020

**VIA ECF FILING**

The Honorable Gary S. Feinerman
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2146
Chicago, IL 60604

Re: United States of America, et al. v. Dairy Farmers of America, Inc., et al. (No. 1:20-cv-2658)

Dear Judge Feinerman:

I am counsel for Legislative Petitioners,[*] in *Vos v Kaul*, No. 19AP1389-OA (Wis.), a case implicated by the June 17, 2020 letter from Wisconsin Assistant Attorney General Gwendolyn J. Cooley in the above-referenced case. *See* Dkt. 28.

On August 1, 2019, Legislative Petitioners filed a Petition For Original Action in *Vos* with the Wisconsin Supreme Court, asking the Court to adjudicate the legality of the Wisconsin Attorney General's ongoing violation of 2017 Wisconsin Act 369. On September 12, 2019, the Court held this Petition in abeyance, pending further order of the Court and the oral argument in *Service Employees International Union (SEIU), Local 1 v. Vos*, Nos. 19AP614-LV, 19AP622 (Wis.), a case involving a facial challenge to certain provisions of Act 369 and 2017 Wisconsin Act 370. The Wisconsin Supreme Court thereafter held oral argument in *SEIU* on October 21, 2019, and a final decision could come at any time, including before the end of June.

As reflected in the briefing attached as Exhibit 1 to this letter, the Legislature strongly disagrees with the Wisconsin Attorney General's interpretation of Section 26 of Act 369, codified at Wis. Stat. § 165.08(1). Section 26 provides that "[a]ny *civil action* prosecuted by the [D]epartment [of Justice] . . . may be *compromised* or discontinued" only with the Legislature's approval, as intervenor, or, if there is no intervenor, with the approval of the Joint Committee on Finance ("JFC"). Wis. Stat. § 165.08(1) (emphases added). A "civil action" is "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation," *Action*, Black's Law Dictionary (11th ed. 2019), and "prosecute" means "[t]o commence and carry out (a legal action)," *Prosecute*, Black's Law Dictionary (11th ed. 2019). So, when the Wisconsin Attorney General commences and carries out a civil action by choosing to file a civil complaint, as he has here, he must thereafter obtain legislative approval under Section 26 if he wishes to compromise that

---

[*] Robin Vos, in his official capacity as Wisconsin Assembly Speaker, Roger Roth, in his official capacity as Wisconsin Senate President, Jim Steineke, in his official capacity as Wisconsin Assembly Majority Leader, and Scott Fitzgerald, in his official capacity as Wisconsin Senate Majority Leader.

**The Honorable Gary S. Feinerman**
June 29, 2020
Page 2



---

action, such as through a consent decree. Nothing in Section 26's text alters or eliminates these obligations simply because there has been some manner of pre-filing negotiations between the parties, or because the Attorney General has acted under Wis. Stat. § 133.17(1).

The Legislature has sought to have the Wisconsin Supreme Court resolve this legal issue through a Petition for Original Action in *Vos*, including to avoid embroiling third parties in this purely legal dispute. That Court has not yet ruled on the Legislature's Petition, but may well do so soon. In light of that state of affairs, the Legislature respectfully submits that this Court could stay this case until the Wisconsin Supreme Court acts on the Legislature's *Vos* Petition. Alternatively, if this Court concludes that review of this settlement cannot wait until resolution of the *Vos* Petition, this Court should resolve this legal issue. If this Court decides to take that approach, the Legislature would be happy to submit an *amicus* brief on this issue. Having said that, the Legislature believes that the Wisconsin Attorney General's position here is so clearly foreclosed by the statutory text that this Court could reject that position by simply reviewing the legal arguments that the Legislature articulated in its Petition in *Vos*. *See* Ex. 1 at 21–24.

Of course, the Wisconsin Attorney General's decision to put this Court in this unfortunate position can—*and should*—be avoided by him simply following the plain requirements of Wisconsin law. If the Wisconsin Attorney General would simply submit this settlement to JFC for its approval, the JFC would consider this settlement promptly. Indeed, on June 16, 2020, the JFC recently and unanimously approved multiple settlements that the Wisconsin Attorney General submitted.

Sincerely,

/s/ Misha Tseytlin

Misha Tseytlin

cc: Counsel of record via ECF