# UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> COMMONWEALTH OF MASSACHUSETTS, <br><br> and <br><br> STATE OF WISCONSIN, <br><br> *Plaintiffs,* <br><br> v. <br><br> DAIRY FARMERS OF AMERICA, INC. <br><br> and <br><br> DEAN FOODS COMPANY, <br><br> *Defendants*. | No. 20 C 2658 <br><br> Judge Feinerman |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF THE UNITED STATES TO APPOINT DIVESTITURE TRUSTEE

Plaintiff, United States of America, submits this Memorandum in Support of the Unopposed Motion of the United States to Appoint Divestiture Trustee in the above-captioned case. This case arises from a civil antitrust Complaint filed jointly by the United States, the Commonwealth of Massachusetts, and the State of Wisconsin (collectively, "Plaintiffs") on May 1, 2020 (Docket No. 1).

The success of the proposed Final Judgment in remedying the competitive problems identified in the Complaint depends upon the timely divestiture of the Divestiture Assets that are defined in the proposed Final Judgment. Defendants, Dairy Farmers of America, Inc. ("DFA")

and Dean Foods Company ("Dean"), have not been able to successfully divest the Divestiture Assets in the time allotted under the proposed Final Judgment even though two extensions of the time period have been granted by the United States. Accordingly, this Court should appoint a Divestiture Trustee, pursuant to Section V of the proposed Final Judgment (Docket No. 4-2). The United States has informed Defendants that it is filing this motion, which, pursuant to the terms of the proposed Final Judgment, Defendants may not oppose. The Court may therefore proceed with the appointment.

The United States has selected Jerry Sturgill of CRS Capstone Partners LLC ("Capstone") as the candidate Divestiture Trustee. Mr. Sturgill is a Managing Director of Capstone, an investment bank focusing upon midmarket financial services. Mr. Sturgill possesses the expertise, experience, and the appropriate support from his firm to accomplish the successful divestiture of the Divestiture Assets.

## I. INTRODUCTION

Plaintiffs brought this action to prevent and restrain Defendants from violating Section 7 of the Clayton Act. The Complaint alleges DFA's acquisition of Dean's fluid milk processing plants would further consolidate the highly concentrated fluid milk markets in (1) northeastern Illinois and Wisconsin and (2) New England. If allowed to proceed, the likely result of Defendants' transaction would be to substantially lessen competition for the processing and sale of Fluid Milk in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. Plaintiffs have requested only injunctive relief.

At the same time that it filed the Complaint, Plaintiffs also filed an Asset Preservation and Hold Separate Stipulation and Order ("Stipulation and Order") (Docket No. 4-1) and a proposed Final Judgment, which are designed to remedy the anticompetitive effects of the

acquisition. The proposed Final Judgment requires the divestiture of three dairy processing plants and related assets identified in the proposed Final Judgment. The Tunney Act comment period is currently running and the United States will respond to comments at the end of the comment period.

### A. Proposed Final Judgment

The proposed Final Judgment memorializes the parties' agreement to settle the case through Defendants' divestiture of rights, title, and interests in the De Pere, Franklin, and Harvard Plants and related assets, defined in the proposed Final Judgment as Divestiture Assets, to assure that competition is not substantially lessened in these geographic markets. In essence, the proposed Final Judgment requires the prompt and certain divestiture of the Divestiture Assets to assure that competition in the processing, marketing, sale, or distribution of Fluid Milk in the relevant geographic markets is preserved. To this end, Section IV.A of the Final Judgment requires defendants to "use their best efforts to divest the Divestiture Assets as expeditiously as possible" to "an Acquirer or Acquirers acceptable to the United States, in its sole discretion."

### B. DFA's Failure to Divest the Divestiture Assets

Section IV.A of the Final Judgment gave DFA thirty (30) calendar days "after the Court's entry of the Asset Preservation and Hold Separate Stipulation and Order in this matter" to divest the Divestiture Assets. It further provided that the United States, "in its sole discretion, may agree to one or more extensions of this time period not to exceed sixty (60) calendar days in total[.]"

Under the proposed Final Judgment, DFA had until June 1, 2020, to divest the Divestiture Assets. Because DFA was working diligently to achieve this objective, the United States extended the time period for DFA to complete the sale of the Divestiture Assets for thirty (30) additional calendar days on June 1, 2020. *See* Joint Status Report (Docket No. 20), at 4.

3

The United States extended this time period for an additional fifteen (15) calendar days on July 1, 2020, based on DFA's representations and in anticipation of DFA entering into a contractual agreement during this period for the Harvard Plant and De Pere Plant. Accordingly, DFA had until July 15, 2020, to divest the Divestiture Assets. However, DFA has still not entered into a contract to sell these two plants. Under the proposed Final Judgment, the United States can only extend DFA's time to sell the Divestiture Assets for another 15 days. There is no certainty that DFA will enter into a contract to sell the Harvard and De Pere Plants in this time. It is even more unlikely that DFA will be able to sell the Franklin Plant near Boston in this timeframe, thus ultimately necessitating the appointment of a Divestiture Trustee. It is now appropriate, pursuant to Section V.A of the Final Judgment, to appoint a Divestiture Trustee selected by the United States to complete the required divestiture of the Divestiture Assets. The United States requests that the Court transfer responsibility for the sale of the Divestiture Assets to the Divestiture Trustee upon appointment.

## II. DIVESTITURE TRUSTEE PROPOSED BY THE UNITED STATES

The United States moves this Court to appoint Jerry Sturgill, a Managing Director at Capstone, as the Divestiture Trustee. During his 31-year career, Mr. Sturgill has developed extensive experience representing both sides in public to private transactions as both a lawyer and as an investment banker focusing on various industries, including the food and beverage industry. Mr. Sturgill has worked on food and beverage transactions ranging from regional dairy transactions to the RJR-Nabisco merger. Mr. Sturgill's CV attached is attached as Exhibit No. 1.

At Capstone, Mr. Sturgill provides merger and acquisition and financing resources to middle market companies domestically and internationally. Prior to joining Capstone, Mr.

4

Sturgill worked at Outlook Capital Management, LLC, a regional investment banking boutique focused on the Western United States.

Although no longer practicing law, Mr. Sturgill has also worked as an attorney. Mr. Sturgill was a corporate law partner in the Finance Department at the New York office of Latham & Watkins LLP and in the Corporate Department of Stoel Rives LLP, focusing on private equity and other transactions while at both firms.

Mr. Sturgill received his J.D. degree from J. Reuben Clark Law School and his B.A. degree from Brigham Young University. He served as a law clerk to the Hon. Eugene Wright, United States Circuit Judge, Ninth Circuit Court of Appeals. The United States has determined that Mr. Sturgill is well-suited to assume the responsibilities of Divestiture Trustee under the Final Judgment.

### III. STATUS OF DFA-CAPSTONE NEGOTIATIONS

To facilitate the transition for the proposed Divestiture Trustee to begin marketing the Divestiture Assets, DFA and Capstone have recently entered into an agreement for Mr. Sturgill to provide initial services to familiarize himself with the matter, the Divestiture Assets, and Defendants' efforts to date to market the asset. The agreement also permits Mr. Sturgill to provide services as the Divestiture Trustee, if appointed by the Court. Since reaching an agreement, Mr. Sturgill and Capstone have begun to familiarize themselves with the Divestiture Assets and the efforts which DFA took to market those assets. If the Court appoints Mr. Sturgill as Divestiture Trustee, he will immediately begin to undertake the duties of the Divestiture Trustee as established by the proposed Final Judgment.

## IV. CONCLUSION

For all of the foregoing reasons, the United States respectfully requests this Court to appoint Mr. Sturgill as Divestiture Trustee pursuant to Section V of the proposed Final Judgment.

Dated: July 16, 2020

                                            Respectfully submitted,

                                                /s/ Karl D. Knutsen
Karl D. Knutsen
Justin Heipp
Nathaniel J. Harris
Christopher A. Wetzel
U.S. Department of Justice
Antitrust Division
Healthcare and Consumer Products Section
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
202-514-0976
karl.knutsen@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Karl D. Knutsen, hereby certify that on July 16, 2020, I caused a copy of the foregoing Memorandum in Support of Unopposed Motion to Appoint Divestiture Trustee to be served on Defendants by mailing the document electronically to their duly authorized legal representatives as follows:

For Defendant Dairy Farmers of America, Inc.:

W. TODD MILLER
Baker & Miller
2401 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 663-7822
Fax: (202) 663-7849
tmiller@bakerandmiller.com

MICHAEL G. EGGE
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2285
Fax: (202) 637-2201
michael.egge@lw.com

GARRET RASMUSSEN
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005
Tel: (202) 339-8481
Fax: (202) 339-8500
grasmussen@orrick.com

For Defendant Dean Foods Company:

ARTHUR J. BURKE
Davis Polk LLP
450 Lexington Ave.
New York, NY
Tel: (212) 450-4352
Fax: (212) 701-5800
arthur.burke@davispolk.com

And other ECF registered users by ECF.

    /s/ Karl D. Knutsen
Karl D. Knutsen
Attorney for the United States
U.S. Department of Justice Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, DC 20530
Tel.: 202-514-0976
Fax: 202-307-5802
E-mail: karl.knutsen@usdoj.gov