UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS and STATE OF WISCONSIN<br><br>*Plaintiffs*,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC. and DEAN FOODS COMPANY,<br><br>*Defendants*. | No. 20 C 2658<br><br>Judge Feinerman |

**UNITED STATES' MOTION AND MEMORANDUM**
**IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16(b)-(h), the United States of America ("United States") moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on May 1, 2020 (Docket No. 4-2) (attached as Exhibit A). As set forth in the Asset Preservation and Hold Separate Stipulation and Order ("Stipulation and Order") dated May 1, 2020 (Docket. No. 7), Defendants stipulated that the Final Judgment could be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the APPA and without further notice to any party or other proceedings.

1

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. *See* 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and Response of the United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments") filed in this matter on May 26, 2020, and September 14, 2020, respectively, (Docket No. 16 and Docket No. 42) explain why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all applicable provisions of the APPA and certifying that the 60-day statutory public comment period has expired.

## I. BACKGROUND

Dean Foods Company ("Dean") filed for bankruptcy on November 12, 2019, in the United States Bankruptcy Court for the Southern District of Texas. The bankruptcy court ordered an auction and then accelerated the auction process because of Dean's liquidity condition. On March 30, 2020, Dairy Farmers of America, Inc. ("DFA") bid for 44 of Dean's plants for a total value of $433 million.[1] No other bidder submitted a bid for all of the 44 Dean plants, or anything even close to that number of plants, under the bankruptcy court's schedule. The bid was accepted by Dean and was the only transaction for those 44 plants approved by the bankruptcy court.

On May 1, 2020, the United States, along with the State of Wisconsin and the Commonwealth of Massachusetts, filed a civil antitrust Complaint seeking to enjoin the

---

[1] During its investigation, the Department also expressed concerns to DFA and Dean about the potential loss of competition for the sale and processing of fluid milk if DFA were to acquire Dean's fluid milk processing plants in Minnesota, South Dakota and North Dakota. DFA subsequently ceased its efforts to acquire those plants.

proposed transaction. The Complaint alleges that DFA and Dean compete head-to-head to sell fluid milk to customers, including supermarkets, schools, convenience stores, and hospitals, and that the likely effect of this transaction would be to substantially lessen competition for the processing and sale of fluid milk in areas encompassing (1) northeastern Illinois and Wisconsin and (2) New England in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition likely would result in higher prices, lower quality service, and lower quality products for customers.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, a Stipulation and Order (Docket No. 4), and subsequently filed a Competitive Impact Statement, describing the events giving rise to the alleged violation and the proposed Final Judgment. The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on May 1, 2020, provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires Defendants to divest Dean's fluid milk processing plants, ancillary facilities, and related tangible and intangible assets located in Franklin, Massachusetts ("Franklin Plant"); De Pere, Wisconsin ("De Pere Plant"); and Harvard, Illinois ("Harvard Plant") (collectively the "Divestiture Plants"). Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.  COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a 60-day period for the submission of written comments relating to the proposed Final Judgment. *See* 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and

the CIS with the Court on May 1, 2020 and May 26, 2020, respectively; published the proposed Final Judgment and CIS in the *Federal Register* on June 2, 2020, *see* 85 Fed. Reg. 33,712 (2020); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published in *The Washington Post*, *Chicago Tribune*, and *Boston Globe* on June 1–4 and June 8–10, 2020. The 60-day period for public comment ended on August 10, 2020. The United States received one comment. Pursuant to 15 U.S.C. § 16(d), the United States filed a Response to Comments on September 14, 2020, and published it and the public comment in the *Federal Register* on September 18, 2020. *See* 85 *Fed. Reg.* 58,387 (2020).

### III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS and Response to Public

4

Comments, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

### IV.     ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that the proposed merger, without the remedy in the proposed Final Judgment, would have substantially lessened competition for the processing and sale of fluid milk in two geographic markets—northeastern Illinois and Wisconsin, and New England—in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. As explained in the CIS and the Response to Public Comments, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of the acquisition alleged by the United States by requiring Defendants to divest Dean's fluid milk processing plants, ancillary facilities, and related tangible and intangible assets. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

## V.    CONCLUSION

For the reasons set forth in this Motion and Memorandum, and in the CIS and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: September 29, 2020

        Respectfully submitted,

        /s/ Karl D. Knutsen
        Karl D. Knutsen
        Justin Heipp
        Nathaniel J. Harris
        Christopher A. Wetzel
        U.S. Department of Justice
        Antitrust Division
        Healthcare and Consumer Products Section
        450 Fifth Street, NW, Suite 4100
        Washington, DC 20530
        202-514-0976
        karl.knutsen@usdoj.gov

        COUNSEL FOR PLAINTIFF
        UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I, Karl D. Knutsen, hereby certify that on September 29, 2020, I caused a copy of the foregoing Motion for The Entry of Final Judgment to be served on Defendants by mailing the document electronically to their duly authorized legal representatives as follows:

For Defendant Dairy Farmers of America, Inc.:

W. TODD MILLER
Baker & Miller
2401 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 663-7822
Fax: (202) 663-7849
tmiller@bakerandmiller.com

MICHAEL G. EGGE
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2285
Fax: (202) 637-2201
michael.egge@lw.com

GARRET RASMUSSEN
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005
Tel: (202) 339-8481
Fax: (202) 339-8500
grasmussen@orrick.com

For Defendant Dean Foods Company:

ARTHUR J. BURKE
Davis Polk LLP
450 Lexington Ave.
New York, NY
Tel: (212) 450-4352
Fax: (212) 701-5800
arthur.burke@davispolk.com

And other ECF registered users by ECF.

    <u>/s/ Karl D. Knutsen</u>
Karl D. Knutsen
Attorney for the United States
U.S. Department of Justice Antitrust Division
450 Fifth Street NW, Suite 4100
Washington, DC 20530
Tel.: 202-514-0976
Fax: 202-307-5802
E-mail: karl.knutsen@usdoj.gov